UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GWEN PROPP,

    Plaintiff,

  v.         Civil No. 05-6304-HA
               OPINION AND ORDER
JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

_____

HAGGERTY, Chief Judge:

   Plaintiff brings this action pursuant to § 405(g) of the Social Security Act, as amended,

42 U.S.C. §§ 405(g), 1383(c)(3), seeking judicial review of a final decision of the Commissioner

of the Social Security Administration (SSA) that denied her application for Supplemental

1- OPINION AND ORDER

Security Income (SSI) disability benefits.  Plaintiff argues that the decision of the Commissioner should be reversed because it was not based on substantial evidence and contains errors of law.

The Commissioner contends that the Commissioner's final decision is supported by substantial evidence and is free of legal error.  This matter has been taken under advisement. After reviewing the record of this case fully, this court concludes that the Commissioner's decision must be remanded for further proceedings.

<u>**BACKGROUND**</u>

In light of the posture of this litigation, only a brief summary of the administrative history is necessary.  Plaintiff filed the application at issue for SSI on March 8, 2000.

Her application alleged disability commencing September 30, 1995, stemming from fibromyalgia, hypothyroidism, migraines, orthopedic ailments in the back and knees, and a variety of mental disorders including excessive compulsive disorder, bipolar disorder, panic disorder with agoraphobia, and post traumatic stress disorder.  Tr. 65, 77.[1]  This claim was denied initially and upon reconsideration.  An Administrative Law Judge (ALJ) conducted a hearing on November 3, 2003.  Tr. 503-56.

The ALJ terminated the hearing in order to obtain additional medical records.  Tr. 556. After plaintiff submitted additional medical records, Tr. 476-87, the ALJ issued a decision without further proceedings on August 10, 2004.

The ALJ concluded that plaintiff was ineligible for SSI because she had the residual functional capacity (RFC) to perform a full range of unskilled light or sedentary work, and

---

[1]  Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

2- OPINION AND ORDER

because he concluded that there are significant numbers of jobs in the national economy that she

could perform.  Tr. 26.

Plaintiff sought review of this decision.  The Appeals Council declined further review on

August 3, 2005.  Tr. 7-10.  This rendered the ALJ's ruling the Commissioner's final decision.

*See* 20 C.F.R. §§ 404.981, 422.210.  Plaintiff subsequently commenced this action.

## STANDARDS

The Commissioner engages in a sequential process encompassing between one and five

steps in determining disability under the meaning of the Act.  Each step is potentially dispositive.

20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines whether the claimant is performing substantial gainful

activity (SGA).  If claimant is performing SGA, the claimant is not disabled.  20 C.F.R. §§

404.1520(4)(I), 404.1520(b), 404.1571, 404.1574(a).  If the ALJ so finds, the ALJ proceeds no

further.  *Yuckert*, 482 U.S. at 140.

If the claimant is not performing SGA, the ALJ proceeds to step two, at which the ALJ

determines if the claimant has "a severe medically determinable physical or mental impairment"

that meets the twelve-month duration requirement.  20 C.F.R. §§ 404.1509; 404.1520(4)(ii).  If

the claimant does not have such a severe impairment, he or she is not disabled.  *Id.*

At step three, the ALJ determines if the severe impairment meets or equals a "listed"

impairment in the regulations.  20 C.F.R. § 404.1520(4)(iii).  If the impairment is determined to

equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three, the ALJ must first evaluate medical and other

relevant evidence in assessing the claimant's RFC.  The claimant's RFC is an assessment of

work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), Social Security Ruling (SSR) 96-8p. The ALJ uses this information to determine (at step four) if the claimant can perform his or her past relevant work at step four, or (at step five) perform work in the national economy.

If proceedings reach step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 141-42; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. 404.1520(a)(4)(v).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. However, if the process reaches step five, the burden shifts to the Commissioner to show that jobs exist in the national economy within the claimant's RFC. *Id.* If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 404.1520(g).

If the claimant is found disabled and medical evidence of a substance abuse disorder exists, the Commissioner must determine whether the claimant's drug addiction or alcoholism (DAA) is a contributing factor material to the finding of disability. 20 C.F.R. §§ 404.1535, 416.935; *see Bustamante v. Massanari*, 262 F.3d 949, 954–55 (9th Cir. 2001). A claimant may not be considered disabled if DAA is material to the claimant's disability. 42 U.S.C. § 423(d)(2)(C). Drug addiction or alcoholism is considered material if the claimant would not be disabled if he or she stopped using alcohol or drugs. 20 C.F.R. §§ 404.1535(b), 416.935(b). The claimant bears the burden of showing that DAA does not materially contribute to his or her disability. *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

4- OPINION AND ORDER

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 USC § 405(g); *Batson v. Comm'r of Social Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (substantial evidence means more than a mere scintilla but less than a preponderance; such relevant evidence as a reasonable mind might accept as adequate to support a conclusion).

The ALJ is responsible for determining credibility and resolving conflicts and ambiguities in the evidence. *Batson*, 359 F.3d at 1193. The Commissioner, not the reviewing court, must resolve conflicts in the evidence. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted); *see also Andrews*, 53 F.3d at 1039-40 (Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *see also Benton*, 331 F.3d at 1035 (the Commissioner's decision must be upheld in instances in which the evidence would support either outcome).

5- OPINION AND ORDER

## ANALYSIS

At step one the ALJ found that plaintiff had not engaged in SGA since the alleged onset of disability.  Tr. 18, Finding 1.  Plaintiff does not dispute this finding.

At step two, the ALJ found that plaintiff had severe impairments, including fibromyalgia, degenerative changes of the spine, depression, "possibly a bipolar disorder and some form of anxiety related disorder," and prescription drug abuse.  Tr. 18, Finding 2.  Plaintiff alleges that she had other severe impairments that the ALJ failed to recognize, including irritable bowel syndrome, migraine headaches, trochantric bursitis, panic disorder with agoraphobia, dissociative disorder, and borderline personality disorder or traits.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment.  Tr. 19, Finding 3.  Plaintiff asserts that the ALJ failed to consider all of her impairments and that the ALJ failed to give adequate weight to the opinions of plaintiff's treating doctors.

At step four, the ALJ found that plaintiff was unable to perform her past relevant work.  Tr. 25, Finding 7.  Plaintiff does not dispute this finding.

At step five, the ALJ found that plaintiff has the RFC to perform other work existing in significant numbers in the national economy.  Tr. 26, Finding 8.  The ALJ so found after determining that plaintiff retains the RFC to perform a full range of unskilled light or sedentary work.  The ALJ found that plaintiff's physical impairments limit her to lifting twenty pounds occasionally and ten pounds frequently and occasional postural activity, and that plaintiff must avoid work involving hazards due to her pain medication.  The ALJ determined that plaintiff can

remember, understand, and carry out simple instructions, work with others without significant limitation, and adapt to routine changes in the workplace.  Plaintiff disputes these findings.

Plaintiff argues that the ALJ evaluated the medical evidence pertaining to her disability improperly.  In particular, plaintiff asserts that the ALJ rejected evidence without explanation and improperly discredited opinions from her treating doctors.

Clear and convincing reasons are required to reject an examining physician's uncontradicted opinion, and an ALJ must provide specific and legitimate reasons, supported by substantial evidence, to reject an examining physician's opinion that is contradicted by another physician.  *Andrews*, 53 F.3d at 1041.  "Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion as a matter of law."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Plaintiff asserts correctly that the ALJ failed to make any findings regarding the opinion of Charles Reagan, M.D., a psychiatrist who treated plaintiff beginning in 2000.  Tr. 157-60.  Doctor Reagan found plaintiff has "difficulty with concentration secondary to the distractibility of her current anxiety."  Tr. 159.  He noted that plaintiff "can enter a panic state very easily and run away from people," which he would "make a work setting difficult," and that plaintiff's adaptation skills are "poor."  Tr. 159.  Doctor Reagan diagnosed excessive compulsive disorder, bipolar one, panic disorder with agoraphobia, and post traumatic stress disorder.  Tr. 160.  Because the ALJ failed to provide adequate reasons for rejecting Dr. Reagan's opinion, his opinion must be credited as a matter of law.  *Lester*, 81 F.3d at 834.

The United States Supreme Court has recognized two kinds of remands permitted under 42 U.S.C. § 405(g).  *See Melkonyan v. Sullivan*, 501 U.S. 89, 101-03 (1991).  A court may issue

7 - OPINION AND ORDER

what is referred to as a "sentence four" remand in instances in which the Commissioner has erred in its prior consideration of the claimant's application for benefits. *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Under a "sentence six" remand, by contrast, the court may remand without making a determination as to the "correctness of the Secretary's decision." *Id*. (citing *Melkonyan*, 501 U.S. at 100).

Whether to remand under sentence four is a matter of judicial discretion. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). A remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The rule recognizes "the importance of expediting disability claims." *Id*. In cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would delay effectuating the primary purpose of the Social Security Act, which is to give financial assistance to disabled persons because they cannot sustain themselves. *Id*.

The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman*, 211 F.3d at 1179. For example, the Ninth Circuit has consistently remanded for further proceedings rather than payment of benefits "where the testimony of the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence." *Id.* at 1180.

In determining that plaintiff's employability, the ALJ here relied on a SSR 85-15, rather than the testimony of a vocational expert. That ruling provides that a mental impairment does not prevent a person from working if the person retains the ability "to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual

work situations; and to deal with changes in a routine work setting." In light of Dr. Reagan's credited opinion that plaintiff's mental impairments prevent her from concentrating, working with others, and adapting to changes, plaintiff's mental impairments render her disabled as defined by SSR 85-15.

However, it is unclear whether, or to what extent, plaintiff's prescription drug abuse contributes to her disability. This abuse has been diagnosed by several treating doctors, and at least one doctor noted that increasing her dose of antidepressants could worsen her mania. Tr. 449. Although the ALJ found plaintiff was severely impaired by her prescription drug abuse and repeatedly referred to evidence of plaintiff's drug-seeking behavior, the ALJ failed to discuss the impact of DAA on plaintiff's eligibility for benefits. *See* C.F.R. §§ 404.1535, 416.935 (requiring the ALJ to perform a materiality analysis if there is "medical evidence" of DAA).

For this reason, the court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Further proceedings will be useful, and this case must be remanded for additional administrative proceedings addressing plaintiff's medical evidence regarding her medical history and disability during the relevant period, and the impact of DAA on her eligibility for SSI.

Specifically, plaintiff and the Commissioner shall develop the record regarding the history and extent of all of plaintiff's impairments, and to what extent her impairments stem from DAA. Upon remand, the ALJ is instructed to obtain updated medical records concerning plaintiff's disabilities and shall provide plaintiff an opportunity to submit additional medical evidence in support of her assertions regarding the impact of DAA on her impairments.

9 - OPINION AND ORDER

Additionally, the ALJ shall give full consideration to all of the medical evidence, including the opinions proffered by Drs. Reagan, Pylman, and Nolan. The ALJ and medical experts who participate in analyzing the evidence regarding the impact of DAA on plaintiff's disability shall identify, address and evaluate each of the medical opinions and reports presented. The court is confident that this analysis will be conducted in accordance with the guidelines and legal authorities applicable to the consideration of such evidence.

The ALJ shall also reassess plaintiff's RFC in light of Dr. Reagan's credited opinions. In so doing, the ALJ shall provide appropriate analysis, with specific references to evidence in the record, regarding the Commissioner's assessments of plaintiff's limitations. The ALJ shall obtain evidence from a vocational expert to determine the effect of the assessed limitations on plaintiff's occupational base.

Finally, the ALJ shall perform an appropriate DAA analysis and determine specifically what degree of disability would remain if plaintiff were to stop any and all substance abuse. *See* 20 C.F.R. §§ 404.1535(6), 416.935(6).

## CONCLUSION

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner regarding plaintiff Gwen Propp's application for SSI must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Opinion and Order and the parameters provided herein.

IT IS SO ORDERED.

10 - OPINION AND ORDER

DATED this ___23___ day of January, 2007.


                              _____/s/   Ancer L. Haggerty_____
                                        Ancer L. Haggerty
                                    United States District Judge